# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 851 | **DATE** | 6/19/2012 |
| **CASE TITLE** | Papalitsas vs. U.S. Bancorp d/b/a U.S. Bank, N.A., et al. | | |

**DOCKET ENTRY TEXT**

Defendants' motion to dismiss [15] is granted and plaintiffs' complaint is dismissed.

■[ For further details see text below.]     Notices mailed by Judicial staff.

## STATEMENT

     Plaintiffs Michael and Harriet Papalitsas filed a six-count complaint, alleging that defendants violated Illinois and federal law when U.S. Bank denied plaintiffs' final Home Affordable Modification Program ("HAMP") modification agreement. The complaint includes counts for breach of contract, breach of implied covenant of good faith and fair dealing, promissory estoppel, unjust enrichment/restitution, violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/2 *et seq.*, and violation of the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq*. Defendants have moved to dismiss the complaint and for the reasons given below the motion is granted.

     According to plaintiffs, they entered into a HAMP trial period plan with U.S. Bank[1] after the Circuit Court of Cook County entered a judgement of foreclosure against them. Under the terms of the agreement governing the trial period plan, U.S. Bank agreed that if plaintiffs successfully completed the trial period plan, U.S. Bank would offer them a permanent HAMP modification. The complaint alleges that U.S. Bank denied plaintiffs' permanent HAMP modification even though plaintiffs had successfully completed the trial period plan.

     The gravamen of defendants' argument is that U.S. Bank did, in fact, offer plaintiffs a final HAMP modification agreement but that plaintiffs rejected U.S. Bank's proposed terms by demanding other terms. Indeed, plaintiffs plead in their complaint that U.S. Bank offered them a permanent modification after they made six monthly payments and completed a credit counseling program under the trial period plan. (Compl., at ¶ 27). Plaintiffs also attached to their complaint a copy of the unsigned final HAMP modification agreement ("unsigned offer") that U.S. Bank sent to them. (Compl. Ex. G). But the version of the final modification agreement that plaintiffs ultimately signed and returned to U.S. Bank ("signed document"), submitted by defendants with their motion to dismiss, tells a story counter to plaintiffs' allegations.[2] The signed document differs from the unsigned offer in a number of significant respects, not the least of which include changing the new principal balance, the date on which interest would have begun to accrue, and the date the first new monthly payment would have been due. Defendants argue that plaintiffs cannot state a

**STATEMENT**

claim against defendants when plaintiffs themselves were the ones to reject the final HAMP modification agreement. As defendants point out, in Illinois the "mirror image" rule dictates that a response to an offer to enter into a contractual relationship that does not conform exactly to the offer is a counteroffer and extinguishes the original offer. *Nomanbhoy Family Ltd. P'ship v. McDonald's Corp.*, 579 F.Supp.2d 1071, 1092 (N.D. Ill. 2008). According to defendants, the signed document that plaintiffs returned to U.S. Bank, altered as it was, constituted a counteroffer under the mirror image rule and U.S. Bank was under no obligation to accept the terms of plaintiffs' counteroffer.

Plaintiffs' opposition to the motion to dismiss is unresponsive to defendants' arguments. Plaintiffs do not dispute that they altered the modification agreement before signing and returning it to U.S. Bank, nor do they address defendants' contention that such alteration constitutes a rejection of U.S. Bank's offer to enter into a final modification agreement. This failure to substantively respond to defendants' motion dooms plaintiffs' complaint. "[W]hen presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action. . . . The federal courts will not invent legal arguments for litigants." *Stransky v. Cummins Engine Co., Inc.*, 51 F.3d 1329, 1335 (7th Cir. 1995); *see also Cincinnati Ins. Co. v. Eastern Atlantic Ins. Co.*, 260 F.3d 742, 747 (7th Cir. 2001) (by failing to address an argument that is not frivolous or nondispositive, a non-moving party acquiesces in the movant's argument, and "acquiescence operates as a waiver"). Accordingly, all of plaintiffs' state law claims based on U.S. Bank's alleged failure to offer or grant plaintiffs a permanent HAMP modification are dismissed.

This leaves plaintiffs' claim that defendants violated the Equal Credit Opportunity Act ("ECOA") when U.S. Bank failed to timely notify plaintiffs in writing of the reasons for denying them a permanent HAMP modification. Defendants argue that the ECOA does not apply here because U.S. Bank's alleged denial of the final modification does not constitute an "adverse action," the event that triggers the ECOA's notification requirement. Again, plaintiffs fail to address defendants' argument. In fact, plaintiffs do not even reference their ECOA claim in their response to defendants' motion. As such, plaintiffs have waived any argument in support their ECOA claim and that count is dismissed as well.

For the foregoing reasons, defendants' motion is granted and plaintiffs' complaint is dismissed.

1. Defendants argue that plaintiffs have sued the wrong entities and plaintiffs respond by claiming that amendment of the complaint would fix any error. The issue of whether plaintiffs can correct the problem is moot in light of my decision to grant defendants' motion on other grounds.

2. Because plaintiffs reference the final HAMP modification agreement that they returned to U.S. Bank on July 21, 2011, in their complaint I may consider it without converting defendants' motion to dismiss into a motion for summary judgment. *188 LLC v. Trinity Indus. Inc.*, 300 F.3d 730, 735 (7th Cir. 2002) ("documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim") (quoting *Wright v. Assoc. Ins. Cos.*, 29 F.3d 1244, 1248 (7th Cir. 1994)).